**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3133-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PIERRE A. DENEUS, a/k/a HARRY
JEAN-PIERRE,

    Defendant-Appellant.

_____

Submitted April 26, 2017 — Decided June 21, 2017

Before Judges Gooden Brown and Farrington.

On appeal from the Superior Court
of New Jersey, Law Division,
Essex County, Indictment No. 10-06-1382.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique Moyse, Designated Counsel,
on the brief).

Carolyn A. Murray, Acting Essex County Prosecutor,
attorney for respondent (Frank J. Ducoat, Special
Deputy Attorney General/Acting Assistant Prosecutor,
of counsel and on the brief).

PER CURIAM

Defendant Pierre Deneus appeals from the February 8, 2016 order of the trial court denying his post-conviction relief (PCR) petition on the papers without an evidentiary hearing. We affirm.

We glean the following facts from the record. Following a jury trial, defendant was convicted on February 22, 2011, of second degree kidnapping, N.J.S.A. 2C:13-1(b)(1) and related charges. He was sentenced on September 26, 2011, to an aggregate term of twenty-six years with a fifteen-year parole disqualifier subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The charges stemmed from defendant's abduction of a thirteen-year-old girl off the street, after which defendant drove her to his home, offered her money for sex, and attempted to have sex with her before she was able to escape. During defendant's incarceration awaiting trial, he offered a fellow inmate $5000 to kill several witnesses, including the victim, her mother, and defendant's roommate. Defendant testified at trial, denying all the charges and offering alternative explanations.

On March 24, 2014, this court affirmed defendant's conviction on direct appeal, but "remanded for re-sentencing on counts ten, eleven, twelve and thirteen, and for consideration of defendant's arguments as to the sufficiency of the evidence supporting defendant's conviction for second-degree witness tampering on count ten." State v. Pierre Deneus, A-3698-11 (App. Div. March

24, 2014), slip. op. at 24.  Our Supreme Court denied defendant's petition for certification.  <u>State v. Deneus</u>, 220 <u>N.J.</u> 40 (2014). Defendant was re-sentenced on May 23, 2016, to an aggregate fifteen-year term subject to NERA.

Defendant filed a pro se petition for PCR on November 5, 2014.  With the help of assigned counsel, he later filed an amended PCR petition on March 13, 2015.  Defendant's petition alleged that both trial counsel and appellate counsel were ineffective for failing to pursue an intoxication defense, for not raising the issue of mistaken identification, and for not attempting to locate surveillance cameras on the street where the kidnapping occurred. In addition, defendant argued that his constitutional rights were violated because the police illegally wiretapped his phone, entrapped him, and because the prosecutor committed misconduct at trial.

Oral argument was held before Judge Richard T. Sules on August 7, 2015.  On February 8, 2016, Judge Sules issued a written decision and order denying PCR without an evidentiary hearing.  In his decision, Judge Sules found defendant had failed to set forth a prima facie case of ineffective assistance of counsel, noting there was no evidence of intoxication, no evidence that defendant and the victim were of different races to support a claim of cross-racial misidentification, and no evidence surveillance cameras

existed on 18th Avenue, in defendant's home, or in the Essex County Jail.

Judge Sules found trial counsel could have reasonably chosen not to pursue an intoxication defense and "[[t]he trial court] will not second guess trial counsel's strategy." As to the claim that trial counsel was ineffective for failing to raise the issue of cross-racial identification, Judge Sules found that defendant "failed to substantiate any claim that he and the victim were of different races."

Regarding the issue of locating surveillance cameras, Judge Sules rejected defendant's argument that trial counsel was ineffective for failing to locate cameras on 18th Avenue that petitioner claims would have filmed his initial interaction with the victim because "[d]efendant [does] not argue how any surveillance video, if any even existed, would have introduced reasonable doubt into his case." Judge Sules further noted defendant raised this issue with appellate counsel, but defendant did not specify where a camera that captured the incident could be found, nor how any footage might help his case. Defendant simply stated that the footage would "deplict [sic] contrary to what's alleged by the victim." Appellate counsel asked for clarification on "what [defendant] meant by the cameras," which defendant did not provide.

Judge Sules also found there was no evidence of wiretapping in the case, nor was there any evidence of entrapment. Finally, Judge Sules noted no evidence of prosecutorial misconduct, specifically, no evidence that the trial prosecutor participated in either wiretapping or entrapment.

On April 5, 2016, defendant filed a notice of appeal of Judge Sules' February 8, 2016, denial of PCR. On appeal, defendant abandons his claims as to wiretapping, entrapment, and prosecutorial misconduct, and raises the following contention:

> POINT I
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING ON MR. DENEUS'S CLAIM THAT TRIAL AND APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

We review the PCR court's findings of fact under a clear error standard and conclusions of law under a de novo standard. See State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). However, where, as in this case, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (quoting Harris,

supra, 181 N.J. at 421), certif. denied, 206 N.J. 64 (2011) (alteration in original).

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "substantial denial in the conviction proceedings" of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey. Preciose, supra, 129 N.J. at 459 (citations omitted). "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Ibid. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992). It is, therefore, only necessary for us to review the facts and legal principles that pertain to this issue.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R.

3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). "Rule 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Preciose, supra, 129 N.J. at 462.

A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63. "To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674,698 (1984), and United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), which [our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987)." Id. at 463.

Under the Strickland standard, a petitioner must show counsel's performance was both deficient and prejudicial. State v. Martini, 160 N.J. 248, 264 (1999). The performance of counsel is "deficient" if it falls "below an objective standard of reasonableness" measured by "prevailing professional norms." Strickland, supra, 466 U.S. at 687-88, 104 S. Ct. at 2064-65, 80 L. Ed. 2d at 693-94. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Fritz, supra,

105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693). Second, "the defendant must show that the deficient performance prejudiced the defense." Ibid. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Ibid.

In determining whether defense counsel's representation was deficient "'[j]udicial scrutiny must be highly deferential,' and must avoid viewing the performance under the 'distorting effects of hindsight.'" State v. Norman, 151 N.J. 5, 37 (1997) (quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694). Because of the inherent difficulties in evaluating a defense counsel's tactical decisions from his or her perspective during trial, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. at 694-95 (quoting

8

Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 164, 100 L. Ed. 83, 93 (1955)).

In determining whether defense counsel's alleged deficient performance prejudiced the defense, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693 104 S. Ct. at 2067, 80 L. Ed. 2d at 697. Rather, defendant bears the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; see also Harris, supra, 181 N.J. at 432.

Judged by these standards, we are convinced that defendant failed to make a prima facie showing of ineffective assistance of trial counsel within the Strickland/Fritz test warranting an evidentiary hearing. There is no basis for concluding that trial or appellate counsel's performance was deficient. We agree with the PCR court that trial counsel's conduct falls within the wide range of reasonable professional assistance. We further agree with the PCR court that defendant failed to put forth any factual basis for his contentions regarding his appellate counsel's performance. Defendant has failed to articulate a "[s]ubstantial

denial in the conviction proceedings" of his rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey.  State v. Preciose 129 N.J. 451, 459 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION